**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Conner McCullen | * | |
| 813 Thornwood Dr., Apt. 23 | | |
| Toledo, Ohio 43609 | * | |
| | | |
| On behalf of himself and other | * | Case No. 3:18-cv-276 |
| members of the general public | | |
| similarly situated, | * | JUDGE |
| | | |
| Plaintiff, | * | MAGISTRATE JUDGE |
| | | |
| v. | * | **JURY DEMAND ENDORSED HEREON** |
| | | |
| The Toledo Country Club | * | |
| 3949 River Rd. | | |
| Toledo, Ohio 43614 | * | |
| | | |
| Defendant. | * | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Plaintiff Conner McCullen ("Plaintiff" "Named Plaintiff" "McCullen"), on behalf of himself and all others similarly situated, and on behalf of the class that Plaintiff seeks to represent (collectively the "Putative Class" or the "Putative Class Members"), brings this action against The Toledo Country Club ("TCC" or "Defendant"), an Ohio Corporation, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* the Ohio Minimum Fair Wage Standards Act, §§ 4111, *et seq.* (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as the "Ohio Acts") and the Ohio Constitution, Oh. Const. Art. II, §34a (the Ohio Acts and Oh. Const. Art. II, §34a will be referred to collectively as the "Ohio Wage Laws"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the Ohio Acts' claims are asserted as a class action pursuant to Rule 23 for all of Defendant's employees

who worked in Ohio. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.     JURISDICTION AND VENUE

1.      This action is brought pursuant to the FLSA, the Ohio Wage Act, the OPPA, and 28 U.S.C. §1331.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant employed Named Plaintiff and others similarly situated in Lucas County, which is in this judicial district, a substantial part of the events or omission giving rise to the claim occurred in this judicial district, and Defendant has done substantial business in this judicial district.

## II.    THE PARTIES

4.      Named Plaintiff Conner McCullen resides in this judicial district.

5.      Plaintiff was employed by Defendant from approximately June 2017 until approximately December 2017 as a server.

6.      During his employment with Defendant, Named Plaintiff was not paid for all his compensable hours worked due to several reasons, including, but not limited to:  (i) Defendant's failure to provide a tip credit notice (*See* 29 U.S.C. § 203(m);29 C.F.R. § 531.59(b)); and (ii) Defendant's failure to correctly calculate his overtime rate of pay. The same policies and practices

that resulted in unpaid wages and overtime to Named Plaintiff were applied uniformly to similarly situated tipped employees.

7.    At all times relevant, Named Plaintiff was a tipped employee of Defendant as defined in the FLSA and the Ohio Acts.

8.    Named Plaintiff brings this action on behalf of himself and on behalf of those similarly situated tipped employees and has given his written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

9.    Defendant the Toledo Country Club ("TCC" or "Defendant") is a for-profit corporation incorporated in the State of Ohio and has its principal place of business located in Lucas County, Ohio.

10.    Defendant is actively doing business in this judicial district. Defendant is and has been an "employer" as that term is defined by the FLSA, the Ohio Wage Acts, and Ohio Constitution Art. 2 § 34a.

11.    During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including minimum wage compensation.

12.    Upon information and belief, Defendant operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales

made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

13.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

### III.    STATEMENT OF FACTS

14.     Plaintiff was employed by Defendant from approximately June 2017 until approximately December 2017 as a server.

15.     During his employment with Defendant, Named Plaintiff and the Putative Class Members were not paid for all of their compensable hours worked due to several reasons, including but not limited to:  (1) Defendant was not entitled to apply a tip credit towards the Named Plaintiff's and the Putative Class Members' minimum wages as it failed to inform tipped employees of the tip credit notice provisions; (2) Defendant failed to pay Named Plaintiff and the Putative Class all overtime wages because it incorrectly paid them one and one-half times their base wages[1]  with a tip credit applied rather than the full minimum wage; and (3) even if Defendant was deemed to be able to lawfully apply the tip credit towards the Named Plaintiff's and the Putative Class Members' minimum wages, Defendant failed to accurately calculate their overtime rate of pay. As a result, Plaintiff and the Putative Class Members have been damaged.

16.     As indicated below, the collective and class action allegations are divided among two subclasses to reflect the two main violations by Defendant.

---

[1] As used herein, the term "base wage" refers to the wages actually paid to an employee and does not refer to any tips received or used by the employer as a credit toward its obligation of satisfying the minimum wage.

## IV.    COLLECTIVE ACTION ALLEGATIONS

### A. 216(b) Collective Action for Unpaid Overtime and Minimum Fair Wages.

17.    Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former employees of Defendant working in a tipped position for which a tip credit was applied at any time during the previous three years through the present and until final resolution of the case (the "§216(b) Collective" or the "§216(b) Collective Members").

18.    During all times material to this Complaint, Defendant has paid Plaintiff and the §216(b) Collective Members, as defined *infra*, a base wage while attempting to utilize a tip credit to satisfy its obligation of paying Plaintiff and the §216(b) Collective Members the federally established minimum wage. Upon information and belief, the wage rates paid by Defendant to Plaintiff and the §216(b) Collective Members in workweeks during the relevant time period have been at or below the full minimum wage rate.

19.    The §216(b) Collective has unpaid minimum wage damages under the FLSA as a result of Defendant's failure to inform its employees of the required tip credit provisions prior to taking a tip credit. *See* 29 USC §203(m) and 29 CFR §531.59(b).

20.    Defendant, by violating the tip credit provisions of the FLSA, is and was not permitted to avail itself of the tip-credit otherwise permitted by the FLSA. In paying Plaintiff and the §216(b) Collective Members at a sub-minimum wage rate in workweeks during the relevant period, Defendant violated §§ 203(m) and 206 of the FLSA.

21.     As a result of Defendant's failure to inform or explain to Plaintiff and the Putative Class Members that it would be taking a tip credit, Defendant failed to pay Plaintiff and the §216(b) Class Members the full minimum wage in workweeks during the relevant time period.

22.     In addition, those §216(b) Collective Members who worked over forty (40) hours in a workweek have unpaid overtime wage damages under the FLSA as a result of Defendant's failure to provide the tip credit notice since they were paid one and one-half times their base wage and not one and one-half times full minimum wage. Even if it is determined that Defendant satisfied the tip credit notice disclosure requirements, those §216(b) Collective Members who worked over forty (40) hours in a workweek still have unpaid overtime wage damages under the FLSA as a result of Defendant's failure to properly calculate their overtime rate of pay in accordance with 29 CFR §531.60.

23.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid statutory minimum wages, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA.

24.     Named Plaintiff is representative of those other similarly situated employees in the entire § 216(b) Class and is acting on behalf of their interests as well as his own in bringing this action.

25.     The identity of the putative §216(b) Collective Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for minimum wages, liquidated damages, attorneys' fees and costs under the FLSA.

26.     A collective action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which §216(b) Collective is entitled.

27.     Plaintiff is similarly situated to §216(b) Collective Members and will prosecute this action vigorously on their behalf.

   **B.  Fed.R.Civ. P. 23 Class Action for Unpaid Minimum and Overtime Wages.**

28.     Named Plaintiff brings his Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of himself and all other similarly situated of the following class, consisting of:

> All current and former employees of Defendant working in a tipped position for which a tip credit was applied at any time during the previous three years through the present and until final resolution of the case (hereinafter "Rule 23 Class" or "Rule 23 Class Members").

29.     Within the Rule 23 Class, Named Plaintiff also brings this claim on behalf of himself and others similarly situated who were not informed of the tip credit provisions prior to applying a tip credit. *See* 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b).

30.     Defendant, by violating the tip credit provisions of the FLSA, is and was not permitted to avail itself of the tip-credit provisions otherwise permitted by the FLSA. In paying Named Plaintiff and the Rule 23 Class Members at a sub-minimum wage rate in workweeks during the relevant time period, Defendant violated Ohio law.

31.     As a result of Defendant's failure to inform or explain to Plaintiff and the Rule 23 Class Members that it would be taking a tip credit, Defendant failed to pay Plaintiff and the Rule 23 Class Members the full minimum wage in workweeks during the relevant time period as described herein.

32.     Within the Rule 23 Class, Named Plaintiff also brings claims on behalf of himself and others similarly situated who worked over forty (40) hours in any workweek, but were not correctly or fully paid all overtime wages.

33.     Named Plaintiff and the Rule 23 Class Members who worked more than forty (40) hours per workweek have unpaid overtime wage damages under the FLSA as a result of Defendant's failure to provide the tip credit notice since they were paid one and one-half times their base wage and not one and one-half times full minimum wage.  Even if it is determined that Defendant satisfied the tip credit notice disclosure requirements, those Rule 23 Class Members who worked more than forty (40) hours per workweek still have unpaid overtime wage damages under the FLSA as a result of Defendant's failure to properly calculate their overtime rate of pay in accordance with 29 CFR §531.60.

34.     The Rule 23 Class, as defined above and in both sub-classes, is so numerous that joinder of all members is impracticable.

35.     Named Plaintiff is a member of the Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

36.     Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

37.     Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that she undertaken to represent.

38.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

39.     Questions of law and fact are common to the Rule 23 Class.

40.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt employees.

41.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Rule 23 Class as a whole.

42.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

43.     Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to inform employees of the tip credit provisions prior to taking a tip credit and failing to pay the Rule 23 Class their correct overtime rate for all hours worked in excess of forty hours per week; (b) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld compensation and overtime is due to the Named Plaintiff and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

44.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any

individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

<u>**COUNT I**</u>
**(FLSA – COLLECTIVE ACTION FOR UNPAID MINIMUM WAGES)**

45.      All of the preceding paragraphs are realleged as if fully rewritten herein.

46.      This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the §216(b) Collective.

47.      During the relevant time period preceding this Complaint, Defendant employed the Named Plaintiff and the § 216(b) Collective.

48.      The FLSA requires that employees receive wages at the minimum rate of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1).

49.      During relevant times, the Named Plaintiff and the §216(b) Collective Members were hourly, non-exempt employees who were compensated at a base wage that was less than the federal minimum wage.

50.      During all times material to this Complaint, Defendant was an "employer" covered by the minimum wage requirements set forth in the FLSA. *See* 29 U.S.C. § 203(d).

51.      During all times material to this Complaint, Plaintiff and the §216(b) Collective Members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e), and not otherwise exempt.

52.      The FLSA allows employers to take a "tip credit" to use towards satisfying their obligation of paying tipped employees the federally required minimum wage provided they have

informed their employees of the tip credit notice provision. *See* 29 U.S.C. § 203(m); 29 C.F.R. § 531.59.

53.     During all times material to this Complaint, Defendant knowingly and willfully failed to inform Plaintiff and the §216(b) Collective Members of the tip credit notice provisions prior to applying a tip credit.

54.     Defendant, by violating the tip credit provisions of the FLSA, was not permitted to avail itself of the tip-credit.

55.     The exact total amount of compensation that Defendant has failed to pay the Named Plaintiff and the §216(b) Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

56.     As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the §216(b) Collective Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid minimum wages and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the §216(b) Class Members.

## <u>COUNT II</u>
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

57.      All of the preceding paragraphs are realleged as if fully rewritten herein.

58.     This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the §216(b) Collective.

59.     During the relevant time period preceding this Complaint, Defendant employed the Named Plaintiff and the §216(b) Collective Members.

60.     Named Plaintiff and the §216(b) Collective Members were paid on an hourly basis and were compensated at a base wage that was less than minimum wage.

61.     Named Plaintiff and certain members of the §216(b) Collective Members worked in excess of 40 hours in a workweek.

62.     The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

63.     The FLSA requires that non-exempt employees receive overtime compensation of their regular rate of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

64.     Under 29 U.S.C. § 207(e), "regular rate" of pay shall be broadly deemed to include all remuneration for employment paid to, or on behalf of, the employee like the type of Named Plaintiff and the Putative Collective Members. *See* 29 U.S.C. § 207(e); *see also* 29 C.F.R. § 778.208.

65.     Named Plaintiff and the §216(b) Collective Members worked in excess of forty hours per week during all times relevant.

66.     Named Plaintiff and the §216(b) Collective Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years from the filing date of this Complaint.

67.     Defendant violated the FLSA with respect to Named Plaintiff and the §216(b) Collective by, *inter alia*, failing to *fully* compensate them at time-and-one-half times their regular rates of pay for hours worked over forty (40) hours in workweeks in at least two respects.

68.     Named Plaintiff and the §216(b) Collective Members are owed unpaid overtime because Defendant improperly applied a tip credit to their wages without providing tip credit notice as required and then paid them overtime at a rate that was one and one-half times their base wage when they were due one and one-half times full minimum wage.

69.      In the event Defendant was able to apply a tip credit to their wages, Named Plaintiff and the §216(b) Collective Members are still owed overtime because incorrectly calculated their overtime rate using their base wage instead of the full minimum wage rate required under the FLSA. 29 CFR §531.60.

70.      Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the §216(b) Collective Members are entitled.

71.      The exact total amount of overtime compensation that Defendant failed to pay the Named Plaintiff and the §216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

72.      As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the §216(b) Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the 216(b) Class Members.

## <u>COUNT III</u>
## (MINIMUM WAGE VIOLATIONS OF ON BEHALF OF ALL RULE 23 CLASS MEMBERS)

73.      All of the preceding paragraphs are realleged as if fully rewritten herein.

74.      This claim is brought as part of a class action by the Named Plaintiff on behalf of himself and the Rule 23 Class.

75.      During all times material to this complaint, Defendant has been an employer within the meaning of Article II, Section 34a of the Ohio Constitution and was required to comply with the Ohio Constitution's mandates.

76.     During all times material to this complaint, Plaintiff and the Rule 23 Members have been employees within the meaning of Article II, Section 34a of the Ohio Constitution, and not otherwise exempt.

77.     Article II, Section 34a of the Ohio Constitution permits an employer to take a "tip credit" to use towards satisfying its obligation of paying tipped employees the Ohio Constitution's established minimum wage.

78.     During all times material to this Complaint, Defendant failed to inform its employees of the required tip credit provisions prior to taking a tip credit.

79.     Defendant, by applying a tip credit without first informing its employees of the proper tip credit provisions, violated Article II, Section 34a of the Ohio Constitution and was not eligible or permitted to apply a tip credit to Plaintiff and the Rule 23 Class. Defendant, by compensating Plaintiff and the Rule 23 Class at rate less than those established by the Article II, 34a violated the Ohio Constitution.

80.     Accordingly, Defendant, by paying Plaintiff and the Rule 23 Class Members at a base wage less than the federal and Ohio minimum wage violated Article II, Section 34a of the Ohio Constitution.

81.     Defendant willfully and knowingly failed to pay the Rule 23 Class proper wages prior to providing tip credit disclosures.

82.     Accordingly, Defendant has violated Article II, Section 34a of the Ohio Constitution.

83.     The exact total amount of compensation that Defendant has failed to pay the Named Plaintiff and the Rule 23 Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

84.     As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages in an amount to be determined at trial. The Named Plaintiff seeks unpaid minimum wages and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the Rule 23 Class Members.

## COUNT IV
### (O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

85.     All of the preceding paragraphs are realleged as if fully rewritten herein.

86.     This claim is brought as a class action by the Named Plaintiff on behalf of himself and the Rule 23 Class.

87.     This claim is brought under Ohio law.

88.     The Named Plaintiff and the Rule 23 Class Members have been employed by Defendant and Defendant is an employer covered by the overtime requirements under Ohio law.

89.     Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

90.     While employed by Defendant, the Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for all such hours.

91.     Named Plaintiff and the Rule 23 Class Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years from the filing date of this Complaint.

92.     Defendant violated the FLSA with respect to Named Plaintiff and the Rule 23 Class by improperly applying a tip credit to their wages without providing tip credit notice as required and then paid them overtime at a rate that was one and one-half times their base wage instead of one and one-half times the full minimum wage rate.

93.      In the event Defendant was able to apply a tip credit to their wages, Named Plaintiff and the Rule 23 Class Members are still owed overtime because incorrectly calculated their overtime rate using their base wage instead of the full minimum wage rate required under Ohio law.

94.     The Named Plaintiff and the Rule 23 Class Members were not exempt from the wage protections of Ohio law.

95.     Defendant knew or should have known of the overtime payment requirements of Ohio law. Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

96.     The exact total amount of overtime compensation that Defendant failed to pay the Named Plaintiff and the Rule 23 Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

97.     Defendant's repeated, knowing and failure to pay overtime wages to the Named Plaintiff and the Rule 23 Class Members were violations of R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which the Named Plaintiff and the Rule 23 Class Members are entitled.

98.     As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages. The Named Plaintiff

seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the Rule 23 Class Members.

## COUNT V
## (VIOLATIONS OF THE OHIO PROMPT PAY ACT)

99.     All of the preceding paragraphs are realleged as if fully rewritten herein.

100.    This claim is brought on behalf of all members consisting of the Rule 23 Class.

101.    During all times relevant, Named Plaintiff and the Rule 23 Class Members were employed by Defendant.

102.    During relevant times, Defendant was an entity covered by the OPPA.

103.    The OPPA requires that the Defendant pay Named Plaintiff and the Rule 23 Class Members all wages, including unpaid minimum wages, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

104.    During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid wages, either a minimum wage or overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. §4113.15(B).

105.    Named Plaintiff's and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

106.    Named Plaintiff and the Rule 23 Class Members have been harmed and continue to be harmed by Defendant's acts or omissions described herein.

107.    In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## V.  **PRAYER FOR RELIEF**

**WHEREFORE**, as to **Counts I** and **II**, Plaintiff, on behalf of him and all members of the §216(b) Collective prays for relief as follows:

A.    Judgment against Defendant for damages for all unpaid overtime and minimum wage compensation owed to Named Plaintiff and the §216(b) Class during the applicable statutory period under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

B.    A declaratory judgment that Defendant's wage and hour policies and practices alleged herein violate the FLSA;

C.    An Order certifying the proposed §216(b) Class;

D.    Judgment against Defendant for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff and all other similarly situated employees during the applicable statutory period;

E.    An Order directing Defendant to pay reasonable attorneys' fees and all costs associated with this action;

F.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

G.    An injunction prohibiting Defendant from engaging in future FLSA violations;

H.    Prejudgment interest and any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled; and

I.    Such other and further relief as this Court deems necessary, just, or proper.

**WHEREFORE**, as to **Counts III** through **V**, Plaintiff, on behalf of himself and all members of the Rule 23 Class prays for relief as follows:

A.     Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled;

B.     A declaratory judgment that Defendant's wage and hour policy and practice alleged herein violate the Ohio Wage Acts and the Ohio Constitution;

C.     An order for injunctive relief ordering Defendant to end all of the illegal wage policy and practice alleged herein pursuant to the Ohio Wage Acts and the Ohio Constitution, and requiring Defendant to follow such laws going forward;

D.     An Order certifying the proposed action as a class action on behalf the Ohio Rule 23 Class;

E.     Judgment against Defendant for damages for all unpaid overtime and minimum wages owed to Named Plaintiff the Ohio Rule 23 Class Members during the applicable statutory period;

F.     Judgment against Defendant for all liquidated damages allowed by Ohio law for Plaintiff and all other similarly situated employees, including but not limited to liquidated damages provided O.R.C. §4111.14(J);

G.     Treble damages, including but not necessarily limited to liquidated damages provided O.R.C. §4111.14(J), prejudgment interest, and monetary penalties to the fullest extent permitted under the law;

H.     A declaratory judgment that Defendant's recordkeeping policies and practices alleged herein, violate the Ohio Wage Laws, specifically O.R.C. § 4111.08 and Ohio Rev. Code

§§4111.14(G) & (H) and the federal recordkeeping requirements pursuant to 29 C.F.R. §§ 516.2 *et seq.*;

I.      An Order permitting the Named Plaintiff and the Ohio Rule 23 Class to prove the actual hours worked by reasonable inference;

J.      Judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to Named Plaintiff and the Ohio Rule 23 Class during the applicable statutory period;

K.      An Order directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

L.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

M.      An Order directing Defendant to pay reasonable attorneys' fees and all costs associated with this action;

N.      Prejudgment interest and any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled; and

O.      Such other and further relief as to this Court may deem necessary, just or proper.

Respectfully Submitted,

**BRYANT LEGAL, LLC**

/s/ *Daniel I. Bryant*
Daniel I. Bryant (0090859), Trial Attorney
1457 S. High St.
Columbus, Ohio 43207
Telephone:  (614) 704-0546
Facsimile:  (614) 573-9826
Email:  dbryant@bryantlegalllc.com

*/s/ Matthew B. Bryant*
Matthew B. Bryant (0085991)
3450 W Central Ave., Suite 370
Toledo, Ohio 43606
Telephone: (419) 824-4439
Facsimile: (419) 932-6719
Email: Mbryant@bryantlegalllc.com

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

/s/ *Daniel I. Bryant*
Daniel I. Bryant (0090859)