UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Connor McCullen,                                    Case No. 3:18-cv-276

    Plaintiff,

v.                                                  MEMORANDUM OPINION
                                                    AND ORDER

Toledo Country Club,

    Defendant.

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Connor McCullen asserts his former employer, Defendant The Toledo Country Club, violated a number of state and federal statutes and regulations governing minimum wage and overtime pay to employees. McCullen worked for Defendant as a server for approximately six months, from June through December 2017. He alleges Defendant paid him less than minimum wage while requiring him and other non-exempt tipped employees to perform excessive non-tipped work, failed to provide required tip-credit information, and improperly calculated his overtime rate of pay. McCullen alleges Defendant's conduct violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and Ohio law.

McCullen seeks conditional certification of a collective class of similarly-situated putative plaintiffs, as well as authorization to issue a notice to potential members of the collective class. (Doc. No. 12). Defendant opposes McCullen's request for conditional certification. (Doc. No. 17). McCullen has filed a reply brief in support of his certification motion. (Doc. No. 18). For the reasons stated below, McCullen's motion is granted.

## II. ANALYSIS

Under the FLSA, a plaintiff may pursue a lawsuit known as a collective action on behalf of the plaintiff and "similarly situated" individuals to attempt to recover unpaid wages or overtime compensation. 28 U.S.C. § 216(b). Potential members of the plaintiff class must be "similar, not identical" to the named plaintiff, and also must opt-in to the collective action. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006). There are two stages to a court's certification of a collective action: (1) conditional certification, where the plaintiff must demonstrate there are similarly situated employees affected by the defendant's policy of conduct, and (2) decertification, where a defendant may seek to de-certify a class because the plaintiffs' claims are individualized rather than collective. *See, e.g., White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012).

### A. CONDITIONAL CERTIFICATION

Initial certification of a collective action requires a named plaintiff to make a "modest factual showing," *Comer*, 454 F.3d at 546, that the plaintiff and other potential plaintiffs "'suffer from a single, FLSA-violating policy,' *or* whose 'claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" *Monroe v. FTS USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017) (quoting *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009)). The court's inquiry at the conditional certification stage does not "consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011).

McCullen seeks to conditionally certify a class of plaintiffs consisting of "[a]ll current and former hourly, tipped employees of Defendant, who worked in any workweek beginning April 26, 2015 and continuing through the date of final disposition of this case." (Doc. No. 12 at 4). He

2

asserts that, while employed as a tipped worker, he performed non-tipped work in excess of the permitted percentage of his total work hours, did not receive federally-mandated tip credit disclosures, and was paid for overtime hours at an improperly-calculated rate. (Doc. No. 12-1 at 3-4). McCullen also states in his declaration he has spoken with other individuals whom Defendant previously employed or currently employs, and that these conversations revealed that other employees complained of the same tip-credit and overtime policies and practices of which McCullen complains. (Doc. No. 12-1 at 5-6).

Defendant contends McCullen failed to make his required showing because he does not "identify who these other alleged tipped employees were, approximately how many he spoke with, and when they worked for [Toledo Country Club]." (Doc. No. 17 at 7). None of these, however, are required. As the cases cited by both Defendant and Plaintiff make clear, the conditional-certification inquiry is case-specific, and the submission of declarations from multiple named plaintiffs is neither required nor forbidden. *Cf. Whalen v. Degroff Industries, Inc.*, No. 1:17-cv-2092, 2017 WL 5588868 (N.D. Ohio Nov. 21, 2017) (granting conditional certification based upon allegations by one named plaintiff) *with Snelling v. ATC Healthcare Servs.*, No. 2:11-cv-00983, 2012 WL 6042839 (S.D. Ohio Dec. 4, 2012) (certifying conditional class following submission of declarations by two plaintiffs as well as payroll records from more than ten other employees). Further, absent proof to the contrary, an FLSA plaintiff may pursue a claim that the defendant's alleged FLSA violations were willful and thus subject to a three-year statute of limitations under 29 U.S.C. § 255. *Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp.2d 234, 240 (N.D.N.Y. 2002). At this stage, Defendant's favored temporal limitation would unduly infringe on the "remedial purpose of the collective action device." *Monroe*, 860 F.3d at 397.

Finally, Defendant also argues McCullen's proposed class is overly broad because it includes all tipped employees rather than only tipped employees to whom Defendant applied a tip credit.

(Doc. No. 17 at 9). McCullen agrees the scope of the class can be narrowed and proposes the following amended definition: "All current and former hourly, tipped employees of Defendant who, during the previous three (3) years, worked in a tipped position for which a tip credit was applied." (Doc. No. 18 at 11).

McCullen has identified a "colorable basis for [his] claim that a class of similarly situated plaintiffs exists." *Creely v. HCR ManorCare, Inc.*, 789 F.Supp.2d 819, 823 (N.D. Ohio 2011). I approve his revised class definition and grant his motion for conditional certification.

### B. NOTICE

The FLSA does not dictate a particular form through which potential plaintiffs must be given notice of collective action litigation. Courts may exercise discretion in authorizing the notice which informs potentially similarly-situated employees of their right to opt-in to the litigation. *Comer*, 454 F.3d at 546.

The parties' primary point of dispute regarding notice concerns McCullen's request that he be permitted to send a reminder notice halfway through the notice period. As I held in *Osman v. Grube, Inc.*, "I find the dual forms of initial notice sufficient and do not find a reminder notice necessary to inform potential plaintiffs of the right to opt-in." Case No. 16-cv-802, 2017 WL 2908864, at *8 (N.D. Ohio, July 7, 2017). The risk that mailing addresses for other employees may have become stale necessitates that the parties work together in good faith to provide proper notice to potential plaintiffs, but does not provide grounds for the issuance of a second, reminder notice.

Defendant raises a number of other objections to the proposed notice form. (Doc. No. 17 at 10-15). McCullen indicates he is willing to concede to Defendant's position on many of these items, and to meet and confer with Defendant to draft a revised notice. (Doc. No. 18 at 9). In light of this, I conclude the most efficient course is to instruct the parties to work together to develop appropriate and acceptable language for the notice.

## III.    CONCLUSION

For the reasons stated above, McCullen's motion for conditional certification, (Doc. No. 12), is granted.  The parties shall submit a revised proposed notice to me for review within 14 days of the date of this opinion.


So Ordered.

s/ Jeffrey J. Helmick
United States District Judge