IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Conner McCullen, | * | |
| On behalf of himself and other members of the general public similarly situated, | * | Case No. 3:18-cv-276 |
| | * | Magistrate Judge James R. Knepp, II |
| Plaintiff, | * | |
| v. | * | |
| The Toledo Country Club | * | |
| Defendant. | * | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

Plaintiff Conner McCullen ("Plaintiff") and Defendant The Toledo Country Club ("Defendant" or "TCC") (collectively hereinafter the "Parties") jointly file their Joint Motion for Approval of Settlement and Order of Dismissal with Prejudice seeking this Court's approval of the Confidential Agreement and Release of All Claims (hereinafter the "Settlement Agreement") entered by the parties and filed under seal, pursuant to the Court's February 12, 2020 Order (ECF No. 34), as **Exhibit A**. A proposed order granting this motion will be sent via e-mail to chambers for the Court's convenience.

I. **Background**

Plaintiff filed this action in the United States District Court for the Northern District of Ohio, Western Division on February 2, 2018.[1] Plaintiff's Complaint alleged that he and those similarly situated were not paid for all of their compensable hours worked due to (1) Defendant's

---

[1] (ECF No. 1)

failure to provide a tip credit notice in violation of 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b); and (2) during workweeks when he and others worked over 40 hours in one or more workweeks, Defendant failed to pay him at the correct regular rate of pay.[2] As a result, Plaintiff alleged that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, §§ 4111, *et seq.* ("OMFWSA"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), and the Ohio Constitution, Oh. Const. Art. II, § 34a (all Ohio claims together hereinafter the "Ohio Wage Laws") by failing to pay the minimum amounts required under the FLSA and the Ohio Wage Laws, including overtime wages to Plaintiff and similarly situated employees.

On April 2, 2018, Plaintiff filed his First Amended Collective and Class Action Complaint alleging that Defendant violated the FLSA and the Ohio Wage Laws because (1) Defendant failed to pay Plaintiff and similarly situated tipped employees all earned minimum wages because they primarily performed non-tipped job duties in excess of twenty percent (20%) of the workweek; (2) Defendant violated the FLSA and the Ohio Wage Laws when it failed to inform Plaintiff and similarly situated tipped employees of their rights as a tipped employee and thereby failing to provide a tip credit notice under 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b); and (3) during workweeks when Plaintiff and similarly situated tipped employees worked over 40 hours in one or more workweeks, Defendant failed to pay them at the correct regular rate of pay resulting in unpaid overtime damages.[3] On April 20, 2018, Defendant denied the claims in its Answer to the First Amended Collective and Class Action Complaint.[4]

---

[2] (ECF No. 1, PageID # 2 and 4)
[3] (ECF No. 7, PageID # 69-70)
[4] (ECF No. 10)

On April 26, 2018, Plaintiff moved the Court for Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to § 216(b).[5] Defendant opposed the motion and Plaintiff filed a Reply in Support of his motion.[6] On January 3, 2019, this Court granted Plaintiff's motion.[7] Pursuant to the Court's January 3, 2019 Order, the Parties met and conferred with respect to the contents of the Notice and a 60-day notice period commenced after distribution of notice to the FLSA putative class members. At the close of the opt-in period, 11 current or former FLSA collective members opted into the lawsuit.[8]

Thereafter, the parties engaged in limited discovery, including the production of relevant employment data and payroll and timekeeping records, with the intention of discussing the potential resolution of this matter. On or about October 1, 2019, Plaintiff's counsel presented a demand to defense counsel and the Parties continued to engage in further settlement communication until the settlement conference.

On October 29, 2019, the Parties engaged in further settlement negotiations before Magistrate Judge James R. Knepp, II, at a settlement conference before this Court. During the conference, the Parties' counsel continued detailed legal and factual analyses of the claims, assessed potential risks and benefits of proceeding to trial, and, after further back and forth negotiations, there remained a bona fide dispute over Plaintiff's claims. As a result, the Parties were ultimately able to reach a resolution, which is contained in the fully executed Settlement Agreement attached hereto as Exhibit A. All parties have signed the Settlement Agreement.

**II.     The Court Should Approve the Settlement**

---

[5] (ECF No. 12)
[6] (ECF Nos. 17 and 18)
[7] (ECF No. 19)
[8] (ECF Nos. 21-28)

A court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness". *Lynn's Food Stores, Inc.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The court must specifically decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Landsberg v. Acton Enterprises, Inc.*, No. C2-05-500, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (Sargus, Jr., C.J.).

Here, the settlement reflects a reasonable compromise of disputed issues. The issues in this case were in dispute and settlement was achieved with an understanding of the disputed claims. The settlement was reached in an adversarial context in which Plaintiff was represented by counsel and the totality of the settlement is fair and reasonable. The settlement in this case was reached in an adversarial proceeding, through arm's length negotiations between capable attorneys who have the necessary experience to protect the rights of the Parties in this matter. Further, the settlement was reached under the supervision of Magistrate Judge James R. Knepp, II at the settlement conference. The Parties well understand that litigation is an inherently risky process and the likelihood of success for either party is virtually unknown.

Moreover, the settlement in this case is fair because it represents the value of Plaintiff's and the Opt-In Plaintiff's claims. The calculations used to determine the settlement amount were based upon the individual analysis of Plaintiff's and Opt-Ins' payroll and timekeeping records. Even though Defendant asserted an affirmative defense with respect to the minimum wage claims, the calculations were based on Plaintiffs' minimum wage claims under the FLSA/Ohio law because the asserted damages were higher than the unpaid overtime damages could ever be, which means that Plaintiffs are receiving more than they could potentially recover should Defendant have prevailed with its affirmative defense. In addition, the Plaintiff and Opt-Ins are receiving liquidated

damages equal to 50% of their claimed damages. Therefore, when balancing the risks associated with proceeding to trial with the benefits the Plaintiff and Opt-Ins receive through this settlement, it is a fair and reasonable compromise of disputed and complicated issues.

In addition, as part of its fairness determination, the Court must also determine that the proposed attorneys' fees are reasonable. The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b) (a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."); *see also* O.R.C. § 4111.10(A) (liability includes paying "costs and reasonable attorney's fees as may be allowed by the court"). Indeed, "[a]n award of attorneys' fees under the FLSA is **mandatory**, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc*. Case No. 3:90CV7087, 1993 WL 659253, *3 (N.D. Ohio May 14, 1993) (*citing United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir.1984)).

The federal courts have long recognized the profound importance of plaintiff's right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin,* 830 F.2d 182, 184 (11th Cir. 1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b), is not collateral to the merits of an FLSA lawsuit but, rather, is an "integral part of the merits of FLSA cases and part of the relief sought therein."). There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally

identified policies and rights"). Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context. *See, e.g., Holland v. New Method Packaging, LLC, et al*, No. 3:16-cv-00309-TMR-MJN, Doc. #23 (S.D. Ohio 2017) (Rose, J.) (in a case alleging violations of the FLSA, the Court approved settlement payment of $13,395.97 to the named plaintiff and $19,000 for attorneys' fees and costs); *Pellegrini v. Tower 10, LLC, et al*, No. 2:16-cv-00293-JLG-TPK, Doc. #31 and 32 (S.D. Ohio 2017) (Graham, J.) (in a FLSA case, the Court approved settlement of $2,000 to the named plaintiff and $11,500 for attorneys' fees and costs); *Jasper, et al v. Home Health Connection, Inc.*, No. 2:16-cv-00125-EAS-EPD (S.D. Ohio 2016) (Sargus, J.) (in a FLSA case, the Court approved $35,000 to named plaintiffs and class and $63,000 for attorneys' fees and costs).[9]

---

[9] *Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.,* 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.,* Case No. 97-2822-CIV-T-17A, 1999 WL 1427752, *10 (M.D. Fla. Dec. 3, 1999); *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1327 (M.D. Fla. 2001); *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Perrin v. John B. Webb & Assocs.,* Case No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D. Fla. Oct. 6, 2005)("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time"). *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc*., 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc*., 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.,* 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.,* 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

As set forth above, Defendant has agreed after lengthy negotiations to pay a reasonable amount to Plaintiff's counsel for their fees and costs as provided in the Settlement Agreement submitted to the Court. The amount agreed is a reduction of Plaintiff's counsel's lodestar that the parties agreed to in order to ensure that Plaintiff and the Opt-Ins received a fair amount from the amount agreed to. Based on all relevant factors, the proposed payment of attorneys' fees and cost reimbursements to Plaintiff's counsel is proper and reasonable and fulfills the purpose and intent of the FLSA's fees provision.

### III.  CONCLUSION

For the reasons stated above, the Parties respectfully request the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss this action with prejudice.

Respectfully submitted:

**BRYANT LEGAL, LLC**

| | |
|---|---|
| */s/ Daniel I. Bryant* | */s/ Katherine S. Decker* |
| Daniel I. Bryant (0090859), Trial Attorney | Katherine S. Decker (0085600) |
| 1550 Old Henderson Road | SHUMAKER, LOOP & KENDRICK, LLP |
| Suite 126 | 1000 Jackson Street |
| Columbus, Ohio 43220 | Toledo, Ohio 43604-5573 |
| Telephone: (614) 704-0546 | Telephone: (419) 241-9000 |
| Facsimile: (614) 573-9826 | Facsimile:  (419) 241-6894 |
| Email: dbryant@bryantlegalllc.com | Email:  kdecker@slk-law.com |
| | |
| */s/ Matthew B. Bryant* | *Attorney for Defendant Toledo Country Club* |
| Matthew B. Bryant (0085991) | |
| 3450 W Central Ave., Suite 370 | |
| Toledo, Ohio 43606 | |
| Telephone: (419) 824-4439 | |
| Facsimile: (419) 932-6719 | |
| Email: Mbryant@bryantlegalllc.com | |

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1550 Old Henderson Road
Suite 126

Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that on this February 13, 2020, a true and accurate copy of the forgoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system.

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)